INHABITANTS OF KITTERY

*vs.*

PROPRIETORS OF PORTSMOUTH BRIDGE.

York.　Opinion January 11, 1886.

*Taxes.　Portsmouth bridge.*

The Portsmouth bridge is a toll-bridge across the Piscataqua river from Kittery, Maine, to Portsmouth, N. H.　*Held,* that so much of the bridge as is within the town of Kittery is there taxable as real estate. *Held further,* that the defendant is a corporation and owner of the bridge.

ON report of facts agreed.

The defendant is a toll-bridge corporation, incorporated in this State by act of the legislature, January 23, 1821 — if that act constitutes an act of incorporation, as plaintiffs claimed. The defendants claimed it was an act only to empower a New Hampshire corporation to exercise its franchise in Maine. The act was made a part of the case. Also, the acts of the legislatures

of New Hampshire and Massachusetts, mentioned in the act of Maine.

Since 1841 the stock of the toll-bridge constructed by the defendant corporation, if it be such, has been and still is owned by the Eastern Railroad, a corporation in Massachusetts, and the P. S. & P. R. R., a corporation in Maine, in equal shares. Only one issue of stock was ever made; and this was made in New Hampshire, where the management, offices and seat of administration of said corporation have always been, its records always kept, and all its meetings required by its by-laws to be, and in fact, are held. No meeting was ever held in Maine.

In 1880 the defendant corporation held no estate or property in the town of Kittery, except its franchise and that part of its bridge which covered the Piscataqua river, between the shore end thereof and the New Hampshire line, situated in the town of Kittery. The bridge rests on piles and lands, at its easterly end, at and wholly within a public highway. There is no pier at the eastern or Kittery end of said bridge; but piers are erected at the two sides of the draw for the passage of vessels, and which are constructed in that half of the bridge situated in Maine, and in said town.

The tax which the plaintiff town seeks to recover was assessed upon that portion of the Portsmouth toll-bridge situated in the limits of the State of Maine, being in the town of Kittery aforesaid, for the year 1880, by the assessors of said town.

*J. M. Goodwin*, for the plaintiffs, cited: Green's Brice's Ultra Vires, Appendix IV., p. 276; *Galveston Railroad* v. *Cowdrey*, 11 Wall. 476; *Arms* v. *Conant*, 36 Vt. 745; R. S., c. 6, § 2; R. S., c. 1, § 6, Art. X; *People* v. *Cassity*, 46 N. Y., 46; *New Haven* v. *Fair Haven, etc., R. R. Co.*, 38 Conn. 422, cited in "Cooly on Taxation," p. 274; R. S., 1871, c. 6, § 14, Article 2; *Portland, Saco & Portsmouth R. R. Co.* v. *City of Saco*, 60 Maine, 196; *Cumberland Maine Railway* v. *City of Portland*, 37 Maine, 444.

*George C. Yeaton*, for the defendants.

Every corporation has its domicile in the state of its origin,

beyond which it has no legal existence. " It must dwell in the place of its creation. " *Bank of Augusta* v. *Earle*, 13 Pet. 579 ; *Marshall* v. *B. & O. R. R.* 16 How. 314 ; *Day* v. *Newark Rubber Co.* 1 Blatch. 628 ; *Miller* v. *Ewer*, 27 Maine, 509.

The domicile of the proprietors of Portsmouth Bridge was in New Hampshire. *Vide* act of New Hampshire approved January 28, 1819. The act of Maine, approved January 23, 1821, did not intend to create a new corporation in Maine, but to license and empower an existing New Hampshire corporation to exercise its franchise in Maine.

For one corporation from the joint paternity of two different States legislatures there cannot be. *Farnham* v. *Blackstone Canal Co.* 1 Sum. 47 ; *Quincy R. R. Bridge Co.* v. *County of Adams*, 88 Ill. 615 ; *Ohio and Miss. R. R. Co.* v. *Wheeler*, 1 Black. 286 ; *R. R. Co.* v. *Harris*, 12 Wall. 65 ; *Blackstone Mfg. Co.* v. *Inhts. of Blackstone*, 13 Gray, 488 ; *Miller* v. *Ewer, supra* ; *Freeman* v. *Machias Water Power Co.* 38 Maine, 343 ; Angell and Ames Corp. 164 ; Morawetz Priv. Corp. 527 *et seq.* Much of the reasoning of the court in *Walsh, Appts.* v. *The Trustees of the New York and Brooklyn Bridge*, 96 N. Y. 427, 435, is directly in point ; *Granger's Life and Health Ins. Co.* v. *Kemper*, 73 Ala. 345 ; *Thompson* v. *Waters*, 25 Mich. 214, 221 ; *Freeman* v. *Machias Water Power Co. supra* ; 2 Field's Lawyers' Briefs, 164 ; Green's Brice's Ultra Vires (2d ed.), 442, note (*a*).

Since 1821, for sixty-four years, the only office of the corporation has been, all its meetings have always been held, and its record always kept, in New Hampshire. If it were doubtful under its organic acts where its domicile is, it would be held to be in New Hampshire by virtue of these facts. *Orange and Alexandria R. R. Co.* v. *City Council of Alexandria*, 17 Grat. 176 ; *Quincy R. R. Bridge Co.* v. *County of Adams*, 88 Ill. 615, 621 ; *Thom* v. *Central R. R. Co.* 2 Dutch (26 N. J. L.), 121 ; *Culbertsen* v. *Wabash Nav. Co.* 4 McLain, 544 ; Rap. & Lawr. Law Dic. Tit. " Domicile. " *Eastern Del. Bridge Co.* v. *Metz.* 32 N. J. L. 199 ; *Goshorn* v. *Supervisors Ohio Co.* 1. W. V.

308; *City of St. Louis* v. *Wiggins Ferry Co.* 40 Mo. 580; *R. R. Co.* v. *Vance*, 96 N. S. 450.

Revised Statute (1871), c. 6, § 16, provides that " the stock of all toll bridges shall be taxed as personal property to the owners thereof, in the towns where they reside. "

(1.)    Section 19 provides for assessing the property in event of a failure to make returns required by section 21, chap. 46. (The latter provision, of course, applies only to domestic corporations.) The two sections, construed together, plainly negative the legislative intent to tax both stock and property in any case, except those specifically mentioned.

For the provisions of section 19, applying only in cases when a duty has been neglected, and not when it has been performed, must be wholly without effect if it prescribe a mode of taxation in a single class of cases which is also applicable to all cases. None but a construction in violent opposition to all familiar rules could admit of this conclusion.

(2.)    But again, if the phraseology were not so pointed, the double taxation which ensues, if in all cases the property may be taxed, as well as the stock, is never presumed to be intended by the legislature. If the power to impose double taxation be conceded, nothing short of a clearly expressed intent to exercise such power will suffice to warrant a court in thus interpreting statutes. Here is not merely an entire absence of any words evincing such intent, but the words actually used in both sections 16 and 19, cannot be given full effect consistently with the theory of any such legislative intent. *Augusta Bank* v. *Augusta*, 36 Maine, 259; Cooley on Taxation, 164, 165; *City and County of San Francisco, Applts.* v. *Spring Valley Water Works*, 63 Cal. 524.

Defendant corporation held no real estate in Maine; it owned no land at all; its bridge occupied no land in Maine, excepting only such as its easterly end landed upon, on the bank of the river, which was wholly within the limits of, and a part of the public highway.   The State of Maine owned the land — unless a portion of it were flats — to the middle of the river (*vide State* v. *Wagner*, 61 Maine, 178 – 190), and granted the privilege of erecting this bridge, by means of which defendant corporation

could enjoy the franchise it had. This privilege thus to land travellers it was authorized to receive tolls from in the public highway was in no sense to be regarded as real estate. The bridge (that is, whatever of it was in Maine) stood upon no land owned by the corporation; its only value was as incidental to the franchise itself— one of the means of utilizing which it was. It could not be separately sold apart from the franchise itself, and hence, as such, in itself, it was valueless. This is the reasoning of C. J. SHAW in *Central Bridge Co.* v. *Lowell*, 15 Gray, 106.

HASKELL, J. Debt for a tax assessed by the town of Kittery upon that part of Portsmouth toll bridge situated within that town. The defendant is a corporation and the owner of the bridge. No question is made as to the regularity of the tax nor as to the sufficiency of the demand before suit.

Revised Statutes, 1871, c. 6, sec. 3, in force when this tax was laid, provides, that "real estate for the purposes of taxation. . . shall include all lands in this state and all buildings and other things erected on, or affixed to the same." Ch. 1, sec. 4, rule X; provides, that "the words 'land or lands,' and the words 'real estate,' include lands and all tenements and hereditaments connected therewith, and all rights thereto and interests therein."

By these rules, that part of the bridge within the town of Kittery is there taxable as real estate. *Hall* v. *Benton*, 69 Maine, 346; R. S., c. 6, § 14, p. 111.

*Defendant defaulted.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY, and FOSTER, JJ., concurred.